IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Janie Flynn, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   1:16-cv-260 |
| ) | |
| Resurgent Capital Services, L.P., a ) | |
| Delaware limited partnership, and ) | |
| LVNV Funding, LLC, a Delaware limited ) | |
| liability company, ) | |
| ) | |
| Defendants. ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Janie Flynn, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

### PARTIES

3. Plaintiff, Janie Flynn ("Flynn"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent Capital One consumer credit card debt.

4. Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA,

because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant Resurgent regularly attempts to collect debts from consumers in the State of Indiana.  In fact, Defendant Resurgent was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Defendant LVNV regularly attempts to collect debts from consumers in the State of Indiana.  In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies such as its sister company, Resurgent.

7. Defendants Resurgent and LVNV are both authorized to conduct business in Indiana, and maintain registered agents here, see, records from the Indiana Secretary of State, attached as Group Exhibit A.  In fact, both of the Defendants conduct business in Indiana.

8. Defendants Resurgent and LVNV are both licensed as debt collection agencies in the State of Indiana, see, records from the Indiana Secretary of State, Securities Division, attached as Group Exhibit B.  In fact, both of the Defendants act as collection agencies in Indiana.

## FACTUAL ALLEGATIONS

9. Ms. Flynn fell behind in paying her bills, including a debt she allegedly owed for a Capital One credit card, and in February, 2008, that debt became delinquent. Sometime after that debt became delinquent, it was allegedly purchased/obtained by LVNV, which it then tried to collect through Defendant Resurgent.

10. In October, 2014, Defendants claimed that the amount of the debt was $1,063.60, see, October 7, 2014, letter attached as Exhibit C.

11. Although the statute of limitations in the State of Indiana for collecting the delinquent debt at issue was, pursuant to Indiana Code § 34-11-2, six years from the date of the last payment, Defendants sent yet another collection letter on February 9, 2015, that demanded payment of the debt and which claimed that the amount of the debt was then $1,106.39. A copy of this collection letter is attached as Exhibit D.

12. In fact, interest and charges should not have been accruing on Ms. Flynn's account. As a matter of policy, the original creditor ceased charging interest and other charges after the account was charged off, and thus Defendants had no right to add interest unless they sent out periodic statements, as required by the Truth In Lending Act. Moreover, once the debt became time-barred, Defendants had no other right to add interest or other charges to the account.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken, see, 15 U.S.C. § 1692e(5).

17. Attempts by debt collectors to collect time-barred debts violate § 1692e of the FDCPA, see, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and McMahon v. LVNV Funding, 744 F.3d 1010, 1020-1021 (7th Cir. 2014).

18. By sending the collection letter (Exhibit D) for a debt that was time-barred, and imposing additional interest when none could be imposed, Defendants violated § 1692e of the FDCPA.

19. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

20. Plaintiff adopts and realleges ¶¶ 1-14.

21. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

22. Defendants, by attempting to collect a time-barred debt and by imposing additional interest or other charges, when none could be imposed, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

23. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Janie Flynn, prays that this Court:

1. Find that Defendants' collection actions violate the FDCPA;

2. Enter judgment in favor of Plaintiff Flynn, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Janie Flynn, demands trial by jury.

Janie Flynn,<br>
By: /s/ David J. Philipps_____<br>
One of Plaintiff's Attorneys

Dated:  January 29, 2016

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com

6